UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON, | No. 2:25-cv-1687 CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. SCOTT, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed on his excessive force claims against defendants A. Scott, J. Elmore, A. Chavez, or plaintiff may elect to amend his complaint as discussed below.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     DISCUSSION

Plaintiff alleges that after he explained to defendant Sgt. A. Scott that plaintiff was suicidal and homicidal and did not want to come out of his cell, defendant A. Scott continued to pressure plaintiff to come out of his cell. (ECF No. 1 at 3.) Plaintiff alleges defendant A. Scott should have taken plaintiff's mental health issues more seriously. (Id. at 5.) There was a cell fire where plaintiff was housed, and defendant A. Scott pepper sprayed plaintiff multiple times to get plaintiff to come out of the cell. (Id. at 3.) Defendant A. Scott then had multiple officers approach plaintiff and attack him to get him out of the cell. (Id.) Plaintiff was trying to breathe and find a way out of his cell due to the smoke and pepper spray. Defendant J. Elmore punched plaintiff twice in the face, and after plaintiff was on the ground defendant J. Elmore hit plaintiff over the head with a baton, splitting plaintiff's head open, and "skin burns from the cell fire being slammed by defendant J. Elmore." (Id.) Defendant A. Chavez punched and kicked plaintiff while he was on the ground. (Id.) As injuries, plaintiff's head was split open, requiring staples, and plaintiff suffered severe burns. (Id.)

In his second claim, plaintiff alleges that unidentified nurses were not physically evaluating plaintiff, whose head was bleeding, and plaintiff had to "act out" in order to get medical care. (Id. at 4.) After having to wait for two hours to be transported to the hospital, plaintiff claims he was sent to an outside hospital an hour and 30 minutes away, when there was another hospital only 25-30 minutes away. (Id.) The delayed care caused plaintiff to bleed from his ear.

Plaintiff seeks money damages. (Id. at 5.)

III. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants A. Scott, J. Elmore, and A. Chavez, and pursue his potentially cognizable Eighth Amendment excessive force claims against those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against unidentified medical staff. If plaintiff elects to proceed forthwith against defendants A. Scott, J. Elmore, and A. Chavez, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the putative claims against unidentified medical staff without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against the unidentified medical staff. If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the unidentified medical staff, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims.

IV. EIGHTH AMENDMENT STANDARDS: MEDICAL CARE

To assist plaintiff in determining whether he can state a cognizable claim against the medical staff who allegedly delayed his medical care, plaintiff is advised of the following standards governing such Eighth Amendment claims.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not

act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Colwell, 763 F.3d at 1066 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

## V. LEAVE TO AMEND

If plaintiff chooses to file an amended complaint, he is advised that any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against the unidentified medical staff are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable Eighth Amendment claims against the unidentified medical staff. Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment excessive force claims against defendants A. Scott, J. Elmore, and A. Chavez. See

28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

     5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  July 9, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. SCOTT, et al.,<br><br>    Defendants. | No.  2:25-cv-1687 CSK P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his Eighth Amendment excessive force claims against defendants A. Scott, J. Elmore, and A. Chavez.  Under this option, plaintiff consents to dismissal of the Eighth Amendment deliberate indifference to serious medical needs claims against unidentified medical staff without prejudice.

**OR**

\_\_\_\_\_    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                                  Plaintiff

1