UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON, | No. 2:25-cv-1687 CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. SCOTT, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the Court appoint counsel.

    Plaintiff contends he is entitled to representation based on the Sixth Amendment right to effective assistance of counsel. (ECF No. 9 at 1-2.) Plaintiff's reliance on the Sixth Amendment is unavailing in this case because this constitutional right applies only to criminal cases, not civil cases. Similarly, plaintiff's reliance on Arnett v. Off. of Admin. Hearings, 49 Cal. App. 4th 332, 339 (1996) (ECF No. 9 at 2-3), is unavailing because this is a federal district court, and the Court will apply federal law, not California state law.

    Further, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether

"exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 9) is denied without prejudice.

Dated: July 15, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.31