UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON, | No. 2:25-cv-1687 CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. SCOTT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On July 23, 2025, plaintiff was granted an extension of time to file an amended complaint, which is due on or before September 8, 2025, because the September 6, 2025 deadline falls on a Saturday. Fed. R. Civ. P. 6(a)(1)(c). On August 25, 2025, plaintiff filed a document styled "Injunctive Relief," in which he asks the Court to "send a brief memo" to the California Department of Corrections and Rehabilitation ("CDCR") to notify any prison plaintiff may be transferred to that plaintiff has a right to possess and carry all of his legal materials related to this case. (ECF No. 17 at 1.) Plaintiff alleges that it "takes months" to transfer a prisoner's property when he is transferred to a different prison, even if the prisoner has a court deadline. (Id.) As discussed below, the Court finds plaintiff's filing is insufficient for the following reasons, but grants plaintiff a second extension of time to file an amended complaint.

///

### 1. No operative pleading

Plaintiff was granted leave to amend, therefore there is no operative pleading on file at this time. (ECF No. 6.) The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it."). In addition, courts lack jurisdiction over nonparties. See Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Because plaintiff has not yet filed an amended complaint, the Court is unable to properly address jurisdiction. See Beaton, 2020 WL 5847014, at *1.

### 2. Broad relief requested

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of

the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

Here, plaintiff attempts to require the CDCR to impose a broad and blanket order imposed whenever plaintiff is transferred to a different prison. The CDCR inmate locator reflects that plaintiff will not be eligible for parole until July 2044.[1] Such broad relief is improper.

### 3. Failure to address required elements

Finally, plaintiff's one page filing does not address all of the elements required to request injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. A deficiency in any element precludes relief. Id. at 23.

As to the second Winter element, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). Speculative injury does not constitute irreparable harm. See Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Here, plaintiff speculates that future prison transfers will result in the deprivation of his legal materials for months, potentially putting at risk deadlines pending in this case. Plaintiff fails

---

[1] This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Aug. 26, 2025). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

to address the four elements required under Winter, 555 U.S. at 24.  Therefore, plaintiff's motion is denied without prejudice.

### 4. Alternative Relief

Plaintiff's request is more appropriately addressed through requests for extension of time to comply with court deadlines.  Plaintiff did not seek a second extension of time to file an amended complaint, but plaintiff has been transferred twice since he was granted the first extension of time.  (ECF Nos. 14, 16.)  Therefore, liberally construing plaintiff's motion, the Court sua sponte grants plaintiff a second extension of time to file an amended complaint.  Plaintiff shall file his amended complaint on or before October 6, 2025.

## CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for injunctive relief (ECF No. 17) is denied without prejudice.

2. Plaintiff is granted a second extension of time, until October 6, 2025, in which to file an amended complaint.

Dated:  August 27, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.pi+