UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON, | No. 2:25-cv-1687 CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. SCOTT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. This civil rights case proceeds on plaintiff's original complaint against defendants A. Scott, J. Elmore, and A. Chavez for their alleged use of excessive force on January 19, 2025 (ECF No. 1 (Claim 1)). (ECF No. 23 at 2.) On October 14, 2025, plaintiff filed a document styled "Injunctive Relief," in which he asks the Court to grant him physical access to the law library. (ECF No. 30.) As set forth below, plaintiff's motion is denied without prejudice.

I.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is being held in administrative segregation, housing 3A03-217, without physical access to the prison law library "due to prison officials not liking prisoners to legally litigate through the courts." (Id. at 1.) Plaintiff contends that not having physical access to the law library would limit his pursuit in this case. (Id.) Plaintiff contends that excluding plaintiff from the physical law library is discriminatory and deprives him of his right to access the

1

courts. Plaintiff seeks access to "articulate his civil case in an appropriate manner." (Id. at 3.) Plaintiff alleges that he cannot get manila envelopes, business envelopes or make copies without access to the law library. (Id.)

II.     GOVERNING STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. A deficiency in any element precludes relief. Id. at 23.

As to the second Winter element, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). Speculative injury does not constitute irreparable harm. See Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to

do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.   DISCUSSION

Although plaintiff identified the elements required to seek injunctive relief, plaintiff does not address each of the required elements with specific facts.  For example, in his motion, plaintiff does not discuss the likelihood of success on the merits of his underlying claims.  Here, the Court screened plaintiff's complaint and found that plaintiff stated potentially cognizable Eighth Amendment claims, but defendants have not yet filed a responsive pleading.  A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court determines whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief.  The merits of the allegations are not tested and the Court considers plaintiff's factual allegations to be true for purposes of screening.

Moreover, plaintiff does not indicate whether his housing in administrative segregation is temporary or permanent.  Many inmates litigate their cases while housed in administrative segregation; being housed in administrative segregation is not an exceptional circumstance.  See Daniels v. Fox, 2016 WL 6993565, at *2 (E.D. Cal. Nov. 29, 2016) ("A prisoner's confinement in administrative segregation does not present an exceptional circumstance.").  The Court is aware that inmates confined to their cells are able to conduct legal research through the paging process.  Indeed, the record reflects that despite his housing in 3A03-217, plaintiff was able to file a motion for default judgment, as well as his motion for injunctive relief.  (ECF Nos. 29, 30.)

Finally, plaintiff identifies no "likelihood of substantial and immediate irreparable injury."  At present, there are no deadlines pending in this case.  Plaintiff's complaint was screened, and once defendants file their waivers of service, the Court will refer the case for an early alternative dispute resolution ("ADR") settlement conference.  At present, no action is required by plaintiff.

///

///

///

///

IV. CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief (ECF No. 30) is denied without prejudice.

Dated: October 17, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.pi2