UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN ROBINSON, | No. 2:25-cv-1687 CSK P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT, et al., | |
| Defendants. | |

On October 31, 2025, plaintiff filed a motion for reconsideration of this Court's order denying plaintiff's motion for default judgment. (ECF No. 35.) As discussed below, plaintiff's motion is denied.

I.   BACKGROUND

Plaintiff's complaint was filed on June 13, 2025. On July 9, 2025, plaintiff's complaint was screened, and plaintiff was granted leave to proceed with his Eighth Amendment excessive force claims against defendants A. Scott, J. Elmore, and A. Chavez, or he could elect to amend his complaint to attempt to state cognizable deliberate indifference claims against unidentified medical staff. (ECF No. 5.) Plaintiff elected to amend, and on July 23, 2025, plaintiff was granted 45 days to file an amended complaint. (ECF Nos. 12, 13.) On September 3, 2025, plaintiff elected to proceed with his Eighth Amendment excessive force claims in his original complaint. (ECF No. 22.)

1    On September 8, 2025, the Court ordered e-service on defendants A. Scott, J. Elmore, and A. Chavez. (ECF No. 23.) On September 29, 2025, defendants filed a notice of intent to waive service. (ECF No. 28.) On October 10, 2025, plaintiff filed a motion for default judgment. (ECF No. 29.) On October 17, 2025, defendants filed a waiver of service of summons. (ECF No. 33.)

On October 22, 2025, this matter was referred to the post-screening ADR project for early settlement conference, and this case was stayed for 120 days. (ECF No. 34.)

On October 31, 2025, plaintiff filed his motion for reconsideration. (ECF No. 35.)

## II.    GOVERNING AUTHORITIES

Local Rule 230(j) provides that a party seeking reconsideration shall set forth the material facts and circumstances surrounding the motion for which reconsideration is sought, including: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

## III.    DISCUSSION

Although this case is stayed, the Court will address plaintiff's motion. Plaintiff contends that defendants were required to answer the complaint sixty days after plaintiff's complaint was electronically filed with the Court. (ECF No. 35 (citing Fed. R. Civ. P. 12).) Plaintiff is mistaken.

In pertinent part, Rule 12(a) provides as follows:

> (a) Time to Serve a Responsive Pleading. Unless another time is specified by a federal statute, the time for serving a responsive pleading is as follows:
>
> (1) In General.
>
> (A) A defendant must serve an answer:
>
> (i) within 21 days after being served with the summons and complaint; or
>
> (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed. R. Civ. P. 12(a). Thus, the deadline for defendants' response is not tied to the filing of

plaintiff's complaint. Rather, the defendants must be personally served with summons and complaints, or may waive service of summons. Fed. R. Civ. P. 12, 4(d). In addition, civil rights complaints filed by prisoners proceeding in forma pauperis must first be screened by the court to determine whether the complaint states a cognizable claim such that service on defendants is appropriate. 28 U.S.C. § 1915A.

Here, defendants were not personally served with summons and complaints, but rather filed a waiver of service of summons as permitted under the Federal Rules. On October 22, 2025, this action was referred to the Court's Post-Screening Early ADR ("Alternative Dispute Resolution"), and the action was stayed for 120 days. (ECF No. 34.) Thus, defendants' obligation to file a responsive pleading is stayed pending resolution of the ADR process.

Further, defendants' appearance in this action precludes entry of clerk's default, which must be entered before plaintiff may seek default judgment. Fed. R. Civ. P. 55(a). Importantly, it is well-established that policies favor resolution of cases on their merits and generally disfavor default judgments. See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) ("Crucially, . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible").

The Court finds that plaintiff failed to show new or different facts or circumstances to support reconsideration of the October 17, 2025 order. Local Rule 230(j).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 35) is denied.

Dated: November 21, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.rec