UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN MARON ROBINSON,

Plaintiff,

v.

A. SCOTT, et al.,

Defendants.

No.  2:25-cv-1687 CSK P

ORDER GRANTING MOTION TO STAY PENDING THE OUTCOME OF CRIMINAL REFERRAL

Plaintiff is a state prisoner proceeding pro se, who filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  On December 9, 2025, defendants A. Scott, A. Chavez, and J. Elmore ("defendants") filed a motion to stay these civil proceedings pending resolution of any criminal action against plaintiff Calvin Maron Robinson ("plaintiff") arising from the same facts. Plaintiff does not object to the stay.  (ECF No. 43.)  Good cause appearing, the Court grants defendants' request to stay this action.

I.      PLAINTIFF'S COMPLAINT

Plaintiff alleges the following.  After he explained to defendant Sgt. A. Scott that plaintiff was suicidal and homicidal and did not want to come out of his cell, defendant A. Scott continued to pressure plaintiff to come out of his cell. (ECF No. 1 at 3.)  There was a cell fire where plaintiff was housed, and defendant A. Scott pepper sprayed plaintiff multiple times to get plaintiff to come out of the cell. (Id. at 3.)  Defendant A. Scott then had multiple officers approach plaintiff

1

and attack him to get him out of the cell. (Id.)  Plaintiff was trying to breathe and find a way out of his cell due to the smoke and pepper spray.  Defendant J. Elmore punched plaintiff twice in the face, and after plaintiff was on the ground defendant J. Elmore hit plaintiff over the head with a baton, splitting plaintiff's head open, and "skin burns from the cell fire being slammed by defendant J. Elmore." (Id.)  Defendant A. Chavez punched and kicked plaintiff while he was on the ground. (Id.)  As injuries, plaintiff's head was split open, requiring staples, and plaintiff suffered severe burns.  (Id.)  In his second claim, plaintiff alleges that unidentified nurses were not physically evaluating plaintiff, whose head was bleeding, and plaintiff had to "act out" in order to get medical care.  (Id. at 4.)  After having to wait for two hours to be transported to the hospital, plaintiff was sent to an outside hospital an hour and 30 minutes away, when there was another hospital only 25-30 minutes away.  (Id.)  The delayed care caused plaintiff to bleed from his ear.  Plaintiff seeks money damages. (Id. at 5.)

II.     RULES VIOLATION

Following the events of January 18, 2025, plaintiff received a rules violation on January 19, 2025.  (ECF No. 38-1 at 2 ¶ 3 (Decl. Andrew L. Secondine).)  The rules violation states plaintiff started a fire in his cell and repeatedly disobeyed orders to submit to restraints and exit the cell.  (Id.)  The rules violation further alleges that plaintiff assaulted officers upon their entry into the cell, after which one officer struck plaintiff with a baton.  (Id.)

Based on these events, plaintiff was referred to the Sacramento County District Attorney's Office for criminal prosecution.  (Id. at ¶ 4.)  As of December 3, 2025, the Sacramento County District Attorney has not indicated whether criminal charges will be filed against plaintiff.  (Id.)  Plaintiff requested that the hearing on the rules violation be postponed pending the outcome of the referral for prosecution.  (Id.)  Plaintiff may lose good time credits following the conclusion of the hearing on the rules violation.  (Id.)

III.    MOTION TO STAY

Defendants move to stay this action pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and Younger v. Harris, 401 U.S. 37 (1971).  (ECF No. 38 at 4-5.)

///

2

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The court should "balance the length of any stay against the strength of the justification given for it." Id.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "'In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.'" Id. (quoting Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1374 (D.C. Cir. 1980)). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[ ] to require such action.'" Id. (quoting Dresser, 628 F.2d at 1375).

A.   Motion to Stay Pursuant to Heck

In Heck, the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87. Heck does not bar plaintiff from bringing an action raising claims challenging ongoing criminal proceedings. However, in Wallace v. Kato, 549 U.S. 384, 393-94 (2007), the court explained that such an action should be stayed:

> [i]f plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the

3

> power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94.  Later, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed."  Yuan v. City of Los Angeles, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010), findings and recommendations adopted by 2010 WL 3632528 (C.D. Cal. Sept. 10, 2010) (citing Wallace, 549 U.S. at 393); Peyton v. Burdick, 358 Fed. App'x 961, 962 (9th Cir. 2009) (vacating judgment in a § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceedings and remanding for district court to stay action until pending state court proceedings concluded); Valenzuela v. Santiesteban, 2021 WL 1845544, at *1-3 (E.D. Cal. Apr. 9, 2021) (staying excessive force case where related criminal prosecution pending); Vivas v. County of Riverside, 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings.  Keating, 45 F.3d at 324; see also Fed. Saving & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989) ("A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's Fifth amendment rights are implicated.") (internal citations omitted).  Courts also consider (1) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of third parties; and (5) the interests of the public.  Keating, 45 F.3d at 324-25.

*Fifth Amendment Rights*

Here, the instant civil rights action implicates plaintiff's Fifth Amendment rights.  The

facts and circumstances underlying plaintiff's criminal prosecution for battery on a defendant substantially overlap with the claims raised in the instant action.  Both cases involve the January 18, 2025 incident and will involve substantially all of the same parties and witnesses.  Thus, if the instant action proceeds to trial, defendants will seek discovery from plaintiff, and plaintiff will be required to respond under oath.  The discovery will involve plaintiff's actions on January 18, 2025.  Therefore, there exists a substantial risk of prejudice to plaintiff's Fifth Amendment rights. Valenzuela, 2021 WL 1845544, at *2.

*Prejudice to Plaintiff*

Any prejudice to plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost, or memories fade with passage of time. Lute v. Silva, 2024 WL 402809, at *3 (E.D. Cal. Feb. 2, 2024) (citing McCormick v. Rexroth, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2020)).

*Burden on Defendants*

The defenses available may be limited if this action is not stayed, prejudicing defendants. If the state court in the criminal action considers plaintiff's factual allegations regarding the January 18, 2025 incident, such findings may bind this court.  Id.  Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as a Heck bar or issue preclusion.  Id.; Wallace, 549 U.S. at 393-94 (noting that the question of whether a section 1983 action is barred by Heck is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, and concluding a stay may be appropriate until such time as the underlying criminal proceedings are conducted).

*Judicial Efficiency*

Judicial efficiency favors imposition of a stay because plaintiff's criminal action involves many of the same facts as alleged in this action.  Valenzuela, 2021 WL 1845544, at *3.

*Interests of Third Parties*

Defendants do not identify any third parties with a direct interest in the outcome of this action.  Accordingly, this factor does not weigh in favor or against a stay.

*Public Interest*

The public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." Valenzuela, 2021 WL 1845544, at *2 (quoting Douglas v. United States, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006)).

*Conclusion*

For the reasons discussed above, this court finds that a stay of this action is warranted based on the principles discussed in Wallace. 549 U.S. 393-94, and issues implicating Heck, 512 U.S. at 486-87.

B. Motion to Stay Pursuant to Younger

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. Younger, 401 U.S. at 43-54. Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings"); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under Younger when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." Escobar v. LASD Male Doe, 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017), findings and recommendations adopted by 2018 WL 565696 (C.D. Cal. Jan. 24, 2018) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Younger abstention is appropriate only when all three elements are present. Benavidez v. Eu, 34 F.3d 825, 832 (9th Cir. 1994).

Here, although plaintiff has been referred for criminal prosecution, no charges have yet been filed (ECF No. 38 at 5), so no criminal prosecution is pending or "ongoing." See Steffel v. Thompson, 415 U.S. 452 (1974) (holding that Younger abstention did not apply where

6

prosecution was threatened but not pending).  "A pending state judicial proceeding does not come within Younger unless the federal plaintiff is being prosecuted in state court . . . ."  Wiener v. Cnty. of San Diego, 23 F.3d 263, 266 (9th Cir. 1994).  Thus, at this time, the Court finds that a stay of this action is not warranted pursuant to Younger.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay this action (ECF No. 38) is partially granted; the Clerk of the Court shall administratively stay this action; and

2. Defendants shall file a status report addressing the status of the criminal charges pending against plaintiff in Sacramento County Superior Court sixty days from the date of this order.

Dated:  January 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.styH

7