UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON, | No.  2:25-cv-1687 CSK P |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO STAY PENDING THE OUTCOME OF CRIMINAL REFERRAL |
| A. SCOTT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se, who filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  On March 23, 2026, defendants A. Scott, A. Chavez, and J. Elmore ("defendants") filed a motion to extend the stay of these civil proceedings pending resolution of any criminal action against plaintiff Calvin Maron Robinson ("plaintiff") arising from the same facts.  Plaintiff did not object to the initial stay (ECF No. 43), and has not filed an opposition to the extension.  Good cause appearing, the Court grants defendants' request to stay this action.

I.      PLAINTIFF'S COMPLAINT

Plaintiff alleges the following.  After he explained to defendant Sgt. A. Scott that plaintiff was suicidal and homicidal and did not want to come out of his cell, defendant A. Scott continued to pressure plaintiff to come out of his cell. (ECF No. 1 at 3.)  There was a cell fire where plaintiff was housed, and defendant A. Scott pepper sprayed plaintiff multiple times to get plaintiff to

1

come out of the cell. (Id. at 3.)  Defendant A. Scott then had multiple officers approach plaintiff and attack him to get him out of the cell. (Id.)  Plaintiff was trying to breathe and find a way out of his cell due to the smoke and pepper spray.  Defendant J. Elmore punched plaintiff twice in the face, and after plaintiff was on the ground defendant J. Elmore hit plaintiff over the head with a baton, splitting plaintiff's head open, and "skin burns from the cell fire being slammed by defendant J. Elmore." (Id.)  Defendant A. Chavez punched and kicked plaintiff while he was on the ground. (Id.)  As injuries, plaintiff's head was split open, requiring staples, and plaintiff suffered severe burns.  (Id.)  In his second claim, plaintiff alleges that unidentified nurses were not physically evaluating plaintiff, whose head was bleeding, and plaintiff had to "act out" in order to get medical care.  (Id. at 4.)  After having to wait for two hours to be transported to the hospital, plaintiff was sent to an outside hospital an hour and 30 minutes away, when there was another hospital only 25-30 minutes away.  (Id.)  The delayed care caused plaintiff to bleed from his ear.  Plaintiff seeks money damages. (Id. at 5.)

II.     RULES VIOLATION

Following the events of January 18, 2025, plaintiff received a rules violation on January 19, 2025.  (ECF No. 38-1 at 2 ¶ 3 (Decl. Andrew L. Secondine).)  The rules violation states plaintiff started a fire in his cell and repeatedly disobeyed orders to submit to restraints and exit the cell.  (Id.)  The rules violation further alleges that plaintiff assaulted officers upon their entry into the cell, after which one officer struck plaintiff with a baton.  (Id.)

Defendants previously informed the Court that plaintiff was referred to the Sacramento County District Attorney's Office for criminal prosecution based on these events.  (Id. at ¶ 4.) Plaintiff requested that the hearing on the rules violation be postponed pending the outcome of the referral for prosecution.  (Id.)  Plaintiff may lose good time credits following the conclusion of the hearing on the rules violation.  (Id.)

Defendants now claim that the Sacramento County District Attorney is not currently considering any criminal referrals of plaintiff for conduct while incarcerated; rather, plaintiff was referred for criminal prosecution on multiple occasions for other events unrelated to the incidents at issue herein.  (ECF No. 51-1 at 2.)  The litigation coordinator at California State Prison,

Sacramento, informed counsel for defendants that plaintiff will be referred for criminal prosecution based on his conduct on January 18, 2025, which is the subject of this lawsuit, but the referral is "pending internal review at the prison." (ECF No. 51-1 at 2.) Plaintiff has elected to postpone the hearing on the rules violation pending the outcome of his referral for criminal prosecution. (Id.) Defendants seek a 90 day stay of this action. (ECF No. 51.)

III.    MOTION TO STAY

Defendants move to extend the stay previously granted pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 51.) The same analysis applies. (ECF No. 44 at 3-6.) As this Court previously found, this civil rights action implicates plaintiff's Fifth Amendment rights, any prejudice to plaintiff is minimal, available defenses may be limited if this action is not stayed, prejudicing defendants, and any state court factual findings in the criminal action may bind this court; judicial efficiency and the public interest weigh in favor of a stay, and no third party interest was identified. (ECF No. 44 at 4-6.) Thus, based on the principles discussed in Wallace v. Kato. 549 U.S. 384, 393-94 (2007), and issues implicating Heck, 512 U.S. at 486-87, these factors also warrant a continuation of the stay.

IV.    STATUS REPORTS

In light of the miscommunication concerning whether the January 18, 2025 charges were referred to the District Attorney, as well as the litigation coordinator's claim that the referral remains pending "internal prison review," counsel for defendants shall file a status report every thirty days to advise the status of such referral both to the District Attorney, as well as whether the District Attorney opts to file criminal charges. This Court is not inclined to grant an indefinite stay of this action.

V.    PLAINTIFF'S MOTIONS

Since the Court issued the initial stay, plaintiff has filed various motions. Plaintiff is advised that this case is stayed, and no motion shall be filed until the Court lifts the stay. Thus, plaintiff's motions are dismissed without prejudice to renewal after the stay of this action is lifted.

///

///

VI.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to extend the stay of this action (ECF No. 51) is granted; the Clerk of the Court shall administratively stay this action.

2.  This action is stayed for 90 days.

3.  Every thirty days from the date of this order, defendants shall file a status report addressing whether the January 18, 2025 charges have been referred to the Sacramento County District Attorney and, if so, the status of the criminal charges pending against plaintiff in Sacramento County Superior Court.

4.  Plaintiff's motions (ECF Nos. 45, 46, 47, and 48) are dismissed without prejudice to renewal once the stay of this action is lifted.

Dated:  March 31, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/robi1687.styHb/1

4