UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON,<br>Plaintiff,<br>v.<br>A. SCOTT, et al.,<br>Defendants. | No. 2:25-cv-1687 CSK P<br><br>ORDER LIFTING STAY AND ORDER |

Plaintiff is a state prisoner proceeding pro se. This matter was stayed pending a decision by the district attorney's office as to whether plaintiff would face criminal charges based on the incidents at issue herein. On July 10, 2026, defendants notified the Court that the district attorney declined to press charges, and sought another 45 day stay so that the prison could determine what disciplinary action would be taken against plaintiff. (ECF No. 63.) Plaintiff opposes the request, and included a motion to continue this action. (ECF No. 64.) This Court is not inclined to further delay this action, and will deny defendants' request to extend the stay, and grant plaintiff's motion to continue the case. The stay of this action is lifted. By separate order, the Court will issue its discovery and scheduling order.

In the meantime, several motions filed by plaintiff are pending, which the Court addresses below.

///

I, REQUEST FOR RECONSIDERATION

On March 30, 2026, plaintiff filed a motion for the Court to reconsider the December 19, 2025 order denying plaintiff's motion for appointment of counsel. (ECF No. 53.) Requests for reconsideration must be filed fourteen days after the order is served. Local Rule 303(b). Plaintiff's motion is untimely and is denied.

II. MOTION TO LIFT STAY

On April 10, 2026, shortly after the stay was entered on April 1, 2026, plaintiff filed a motion to lift the stay, objecting to the imposition of the stay. (ECF No. 54.) In light of this order lifting the stay, plaintiff's motion is denied as moot.

III. MOTION TO DISQUALIFY OR RECUSE

On April 16, 2026, plaintiff filed a motion styled, "Motion for Peremptory Challenge," citing California Code of Civil Procedure Section 170.6. (ECF No. 57.) Plaintiff seeks to disqualify or recuse the undersigned "due to "bias[ed] rulings and prejudice[d] decisions towards the plaintiff." (ECF No. 57 at 3.)

Initially, this Court observes that the motion for recusal is properly before the undersigned. The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). If the affidavit for recusal is legally insufficient, then recusal can be denied. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v.

Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotation marks omitted)).

Here, plaintiff does not cite specific examples of the alleged biased or prejudicial rulings. Nevertheless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)). Plaintiff's vague and conclusory claims of biased or prejudicial rulings are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. Therefore, the motion for recusal will be denied.

## IV. MOTION TO DISQUALIFY DEFENSE COUNSEL

On April 23, 2026, plaintiff filed a motion to disqualify the state attorney general's office from representing defendants. Plaintiff claims that a conflict of interest exists because defense counsel contacted the district attorney about pursuing potentially pursuing criminal charges against plaintiff. (ECF No. 58 at 2.)

"As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." Kasza v. Browner, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting United States v. Rogers, 9 F.3d 1025, 1031 (2d Cir. 1993)). In this case, plaintiff is not a former client of the Office of the Attorney General or the attorney handling the case, and instead makes only a general allegation of conflict, which does not establish standing to seek defense counsel's disqualification.

Further, in representing the state, the Attorney General will also normally represent the public interest. See, e.g., D'Amico v. Board of Medical Examiners, 11 Cal.3d 1, 14-15 (1974). In an exceptional case, the Attorney General may recognize a conflict of interest between the duty to represent the public interest and the duty to represent a state agency. "However, unless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made both as a representative of the public interest and as counsel for the state agency or officer." D'Amico, 11 Cal.3d at 15.

In the instant case the Attorney General has not asserted any conflict of interest. Moreover, the Court finds that this case does not present the exceptional case. Actions taken by the Attorney General on behalf of state employees do not present a conflict of interest for an opposing party. Finally, the actions of which plaintiff complains were required by this Court's order to file status reports concerning whether or not the district attorney was going to pursue criminal charges against plaintiff. (ECF No. 52.) Therefore, the court finds no merit to plaintiff's claim that the representation of defendants by the Attorney General presents a conflict of interest, and the motion is denied.

V. MOTION TO CONTINUE CASE

On June 26, 2026, plaintiff filed a motion to continue the case. In light of this order, plaintiff's motion is denied as moot. (ECF No. 61.)

VI. REQUEST FOR EARLY SETTLEMENT CONFERENCE

On June 26, 2026, plaintiff filed a request for early settlement conference. (ECF No. 62.) However, defendants were granted leave to opt out of the early settlement conference. (ECF No. 39.) If defendants would like to schedule a settlement conference, they may file a request to set one in light of plaintiff's request. But this Court will not unilaterally order a settlement conference at this time. Plaintiff's request is denied without prejudice.

VII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this action (ECF No. 52) is lifted.
2. Defendants' motion to extend the stay (ECF No. 63) is denied.
3. Plaintiff's motion to continue this action (ECF No. 64) is granted.
4. Plaintiff's motion for reconsideration (ECF No. 53) is denied as untimely.
5. Plaintiff's motion to lift the stay (ECF No. 54) is denied as moot.
6. Plaintiff's motion for recusal (ECF No. 57) is denied.
7. Plaintiff's motion to dismiss counsel for defendants (ECF No. 58) is denied.

/ / /

/ / /

8. Plaintiff's motion to continue (ECF No. 61) is denied as moot.
9. Plaintiff's request for early settlement (ECF No. 62) is denied without prejudice.

Dated: 08/04/26

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.lft.sty+