UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARON ROBINSON, Plaintiff, v. A. SCOTT, et al., Defendants. | No. 2:25-cv-1687 CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion for the appointment of an expert witness and motion to compel discovery are before the Court. As discussed below, plaintiff's motions are denied without prejudice.

I. PLAINTIFF'S COMPLAINT

Plaintiff alleges the following. After he explained to defendant Sgt. A. Scott that plaintiff was suicidal and homicidal and did not want to come out of his cell, defendant A. Scott continued to pressure plaintiff to come out of his cell. (ECF No. 1 at 3.) There was a cell fire where plaintiff was housed, and defendant A. Scott pepper sprayed plaintiff multiple times to get plaintiff to come out of the cell. (Id. at 3.) Defendant A. Scott then had multiple officers approach plaintiff and attack him to get him out of the cell. (Id.) Plaintiff was trying to breathe and find a way out of his cell due to the smoke and pepper spray. Defendant J. Elmore punched plaintiff twice in the

face, and after plaintiff was on the ground defendant J. Elmore hit plaintiff over the head with a baton, splitting plaintiff's head open, and "skin burns from the cell fire being slammed by defendant J. Elmore." (Id.) Defendant A. Chavez punched and kicked plaintiff while he was on the ground. (Id.) As injuries, plaintiff's head was split open, requiring staples, and plaintiff suffered severe burns. (Id.) In his second claim, plaintiff alleges that unidentified nurses were not physically evaluating plaintiff, whose head was bleeding, and plaintiff had to "act out" in order to get medical care. (Id. at 4.) After having to wait for two hours to be transported to the hospital, plaintiff was sent to an outside hospital an hour and 30 minutes away, when there was another hospital only 25-30 minutes away. (Id.) The delayed care caused plaintiff to bleed from his ear. (Id.)

## II. PLAINTIFF'S MOTION FOR EXPERT WITNESS

Plaintiff seeks the appointment of an expert witness to testify as to the alleged use of unnecessary and excessive force to assist plaintiff, the Court and the jurors, and to establish "comprehension." (ECF No. 72 at 1-3.)

### A. Governing Standards

Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort

problems.). Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference). Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

B. Discussion

First, to the extent plaintiff seeks appointment of an expert witness for his benefit, or to prove his case, the Court has no authority to grant such motion. Rule 706(a) of the Federal Rules of Evidence permits the Court to appoint only neutral expert witnesses. Id. An expert appointed pursuant to Rule 706 does not serve as an advocate for either party and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

Second, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11. Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. Apr. 8, 2014); see also Gorton, 793 F. Supp. 2d at 1178 n.6 (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoner's "own benefit" in aiming to prove deliberate indifference).

Third, plaintiff's motion for a neutral expert witness is premature. A neutral expert witness may be necessary where there is "some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Gorton, 793 F. Supp. 2d at 1181. At the time plaintiff filed his motion, the parties were still engaged in discovery. (See, e.g., ECF No. 74 at 2.) There are no pending motions on which the Court may require special assistance, such as to resolve a motion for summary judgment.

Finally, plaintiff fails to demonstrate that this action is so complex that it requires appointment of a neutral expert witness to assist the trier of fact. Plaintiff does not explain how

his excessive force claim is factually or legally complex. Plaintiff also does not explain why he requires an expert witness to address whether the alleged excessive force caused further injury and the nature and extent of this injury.

Given the foregoing, the Court finds that at this stage of the proceedings, an expert witness is not necessary and would not be significantly useful to the factfinder to comprehend a material issue in this case. See Gorton, 793 F. Supp. 2d at 1181.

## III. MOTION FOR SUBPOENA AND MOTION TO STRIKE

Petitioner filed a motion requesting the Court issue a subpoena requiring defendants to produce any video footage of the incidents underlying plaintiff's allegations herein. (ECF No. 73.) Defendants move to strike plaintiff's motion because it does not comply with the Court's discovery and scheduling order (ECF No. 66). Defendants are correct that plaintiff's motion does not comply with the Court's discovery and scheduling order; plaintiff must seek this video footage directly from defendants through discovery. Therefore, plaintiff's motion for subpoena is denied, and the motion to strike is denied. Plaintiff should follow the instructions provided in the discovery and scheduling order to seek the video footage through written discovery propounded to defendants.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of an expert witness (ECF No. 72) is denied without prejudice.

2. Plaintiff's motion for subpoena (ECF No. 73) is denied.

3. Defendants' motion to strike (ECF No. 74) is denied.

Dated: October 15, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1687.exp.706.subp